## INVALIDITY OF LOITERING ORDINANCE.

Court of Insolvency of Hamilton County.

IN RE STELLA DUNLAP; IN RE SAMUEL DIXON; AND IN RE
FRED STEWARD.*

Decided, March 5, 1912.

*Loitering—No Authority Conferred Upon Municipalities to Prohibit by
Ordinance—Disorderly Conduct—Sections 3658 and 3664.*

1. Municipalities are without statutory authority for the enactment
of an ordinance making loitering or wandering about the streets
a crime.
2. Disorderly·conduct is not defined by any Ohio statute, or by any
ordinance of the city in which the accused was convicted of
loitering, and the court is unable to sustain the conviction by
holding that loitering constitutes disorderly conduct as a mat-
ter of law.

*A. Lee Beaty,* for Stella Dunlap and Samuel Dixon.
*W. W. Hester,* for Fred Steward.
*Bernard C. Fox,* Police Court Prosecutor, contra.

WARNER, J.

Heard on applications for writs of habeas corpus.

These persons were committed to the city workhouse by the
police court, having been found guilty of loitering—wandering
about the streets—contrary to a part of the provisions of Sec-
tion 907, city ordinances.  There is no statutory authority giv-
ing a municipality power to make loitering or wandering about
the streets a crime, unless it be found in Sections 3658 and 3664
of the General Code, granting authority to prevent and punish
persons guilty of "disorderly conduct."

But "disorderly conduct" is not defined in any statute or
ordinance, and the court is unable to say, as a matter of law, that

---

* Affirmed by the Circuit Court in the case of *In Re Opal Howard,* 15
C.(N.S.), 171.

the acts charged against these persons, of which they have been convicted and sentenced, constitute such conduct.

Writs allowed and prisoners discharged.